The Honorable Paul R. Bosson Prosecuting Attorney 18th Judicial Circuit East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This letter is a response to your request for an opinion regarding the following question:
 May a deputy prosecuting attorney serve as a member of the Quorum Court in a county in which the deputy prosecutes?
It is my opinion that a deputy prosecuting attorney may not serve as a member of the Quorum Court in a county in which the deputy prosecutes.
The question that you have presented raises the issue of dual office-holding, which has been addressed by the Arkansas Supreme Court. The court has held that there are three possible types of legal prohibitions to the concurrent holding of two offices:[1] Constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrdv. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
I have found neither a constitutional nor a statutory prohibition to the concurrent holding of the offices of quorum court member and deputy prosecuting attorney.
However, I find that the common law prohibits this dual office-holding. A determination of whether common law prohibits the concurrent holding of two offices requires an analysis of the nature of the two offices in question. Having conducted such an analysis, I have concluded that common law prohibits the concurrent holding of the offices of deputy prosecuting attorney and quorum court member.
The common law prohibition against the concurrent holding of two offices is the doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937).
A review of the statutes addressing quorum courts and deputy prosecuting attorneys indicates that a conflict of interests exists between the two offices, and that they are therefore incompatible. The primary conflict is the fact that the quorum court has control over and decides upon the appropriation of the funds from which the deputy prosecutor's salary is paid. Moreover, the quorum court is given a substantial amount of discretion in this matter. A.C.A. § 16-21-146 states:
 (a) The quorum court of the respective counties of a judicial district shall annually appropriate sufficient amounts to cover the salaries and expenses of the prosecuting attorney's office.
 (b) The quorum courts of the respective counties may appropriate any additional funds and create such additional deputy prosecutor positions as they deem necessary for the efficient operation of the office the prosecuting attorney.
A.C.A. § 16-21-146.
The authority given to the quorum courts by the quoted statutory language creates an obvious conflict between the members of the quorum court and the members of the prosecuting attorney's office. Because of the provisions of this statute, members of the prosecutor's office can well be described as being, to an extent, subordinate to, or under the supervisory authority of the quorum court. Tappan, supra. The members of the court must be sufficiently free of personal interest in the prosecutor's office to be able to evaluate objectively the economic needs of that office. A deputy prosecuting attorney's personal interest in those needs would call into question his or her ability to engage in such an objective evaluation. Therefore, his or her decisions as a quorum court member would be susceptible to accusation of or suspicion of being to the detriment of the public good. Murphy, supra.
The concurrent holding of these two offices is also tainted by the fact that the quorum court has the authority to audit the accounts of the prosecuting attorney's office. Tappan, supra. Under the provisions of A.C.A. § 14-20-105, the county treasurer must report to the quorum court monthly, giving "a full report and a detailed statement of the financial condition of the county showing receipts, disbursements, and balance on hand, together with all liabilities of the county." A.C.A. § 14-20-105. The report required by this statute would necessarily include information about the prosecuting attorney's office. A deputy prosecuting attorney who served on the quorum court would be in a position of having auditing authority over his own office. Such a situation clearly fails to meet the requirements set forth by the Arkansas Supreme Court in order for dual office-holding to be permissible.
For these reasons, I conclude that a deputy prosecuting attorney may not serve on the quorum court in the county where the deputy prosecutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The positions of quorum court member and deputy prosecuting attorney are both "offices" within the meaning of the various prohibitions. See Maddox v. State, 220 Ark. 762, 249 S.W.2d 972 (1952).