The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This opinion is being issued in response to your recent questions regarding quorum court members who are also employees of a county owned hospital. You have asked:
 (1) Can employees of a county owned and operated hospital legally serve as members of a county quorum court?
 (2) When members of the county quorum court are employees of a county owned and operated hospital, must they abstain from voting on issues pertaining to the hospital that come before the quorum court?
RESPONSE
Question 1 — Can employees of a county owned and operated hospitallegally serve as members of a county quorum court?
It is my opinion that employees of a county owned and operated hospital are not expressly prohibited from serving as members of that county's quorum court. However, as explained below, they may be effectively precluded from doing so by two different statutory provisions that prohibit them from receiving compensation for their hospital employment while serving on the quorum court.
If the situation about which you have inquired were flatly prohibited, it would be prohibited by the principles of law that have developed in relation to dual office-holding. As explained more fully below, I find that these principles of law are not applicable to a situation in which a county hospital employee serves on the quorum court.
The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two positions: constitutional prohibitions, statutory prohibitions, and common law prohibitions. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966).
Constitutional Prohibitions
I have not found a constitutional provision that prohibits concurrent employment with a county hospital and service on a quorum court.
Statutory Prohibitions
Neither have I found a statutory provision that expressly prohibits the concurrent holding of these two positions.
However, I have identified two statutory provisions that could, as a practical matter, preclude these persons' dual service by affecting the compensation that they can receive as hospital employees.
One such statute is A.C.A. § 14-14-1205(c). It states:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
A.C.A. § 14-14-1205(c). The question that is raised by this provision is whether an employee of the county hospital is a "county employee" within the meaning of A.C.A. § 14-14-1205(c). The term "county employee" is defined in A.C.A. § 14-14-1206(b) as follows:
 A county employee is defined as any individual or firm providing labor or service to a county for salary, wages, or any other form of compensation. "County government" for purposes of this section means all offices, departments, boards, and subordinate service districts of county government including townships created by law and subordinate to county government.
A.C.A. § 14-14-1206(b).
This office has previously opined that county hospital employees are county employees for purposes of the Workers' Compensation laws. See Op. Att'y Gen. No. 77-223. The basis of that conclusion was that county hospitals are county entities.[1] Indeed, I have specifically opined that county hospital boards are county entities, and that actions taken by the county hospital board are the same as actions taken by the county. See Op. Att'y Gen. No. 92-101. In this regard, it is significant to note that county hospital boards are given the authority to employ the hospital's personnel. A.C.A. § 14-263-105(c). Accordingly, when a county hospital board enters into an employment agreement with an individual, the board has entered into that agreement on behalf of the county, and the individual is, in essence, "providing labor or service to a county." A.C.A. § 14-14-1205(c). It follows, then, that county hospital employees are "county employees" for purposes of A.C.A. § 14-14-1205(c). Therefore, under the provisions of A.C.A. § 14-14-1205(c), county hospital employees who serve on the quorum court cannot receive compensation from their hospital employment while serving on the quorum court. This requirement clearly has the practical effect of precluding service on the quorum court while being employed with a county hospital.
Another statute that does not prohibit, but that could, in effect, preclude county hospital employees from serving on the quorum court is A.C.A. § 14-14-1202(c)(1). It states:
(c) No officer or employee of county government shall:
 (1) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1). Because, as discussed previously, employment with the county hospital constitutes a contract or transaction of the county, quorum court members cannot hold an interest in that contract or transaction. County hospital employees clearly hold an interest in their own employment. Therefore, although A.C.A. § 14-14-1202(c)(1) is not an outright prohibition against concurrent service as a quorum court member and as a county hospital employee, its practical effect is to preclude such concurrent service.
The Common Law Prohibition
Although the common law prohibition against the concurrent holding of two positions may also be implicated by the situation about which you have inquired, I nevertheless find that it does not prohibit this situation.
The common law prohibition against the concurrent holding of two positions is known as the "doctrine of incompatibility." Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd,240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v.Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023,103 S.W.2d 458 (1937).
I find that the doctrine of incompatibility does not apply to a situation in which a county hospital employee serves as a member of the quorum court. The doctrine of incompatibility has been held to apply only to situations involving two "offices." See Att'y Gen. Op. No. 95-187. The position of county hospital employee is not an "office," in my opinion.
The Arkansas Supreme Court has described an "office" as a position that is created by state law and for which the tenure, compensation, and duties are also usually fixed by law. It is a position in which the holder of the position exercises some part of the State's sovereign power. An "office" is also indicated by the taking of an oath of office, the receipt of a formal commission, and the giving of a bond. By contrast, in a position that is not an "office," some or all of these characteristics are lacking. Maddox v. State, 220 Ark. 762,249 S.W.2d 972 (1952).
Because the position of county hospital employee does not have the attributes of an "office," as described by the Arkansas Supreme Court, I must conclude that the common law doctrine of incompatibility does not operate to prohibit service on the quorum court while holding a position as an employee of a county hospital.
Question 2 — When members of the county quorum court are employees of acounty owned and operated hospital, must they abstain from voting onissues pertaining to the hospital that come before the quorum court?
If, for some reason, a county hospital employee chose to continue to work at the county hospital without receiving pay, and therefore was allowed to remain on the quorum court, it is my opinion that that individual may (depending upon the issue) be required to abstain from voting on certain issues pertaining to the hospital that come before the quorum court.
Such a requirement would arise out of the following provision of A.C.A. § 14-14-1202(a):
 The officer or employee[2] may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a).
If the issue pertaining to the hospital that comes before the quorum court is one that would advance the hospital employee's individual personal economic interest as a hospital employee (other than incidentally), that hospital employee must abstain from voting on that issue. It should be noted that quorum court members are subject to fine and removal from office for violation of this provision. See A.C.A. §14-14-1202(d).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] In analyzing this issue, this office specifically noted the following factors: (1) County hospital board members have governmental immunity; (2) The Department of Labor and the Wage and Hour Authority consider county hospitals to be governmental organizations for purposes of labor issues; (3) The legislature expressed no intent that county hospitals be entities independent of the county; (4) Revenues generated by county hospitals are public funds; (5) County hospitals are subject to the Freedom of Information Act; and (6) County quorum courts have authority over county hospitals. Op. Att'y Gen. No. 77-223.
[2] The phrase "officer or employee" is defined, for purposes of this provision, as follows:
 For purposes of this section, officers and employees of county government shall include:
(A) All elected county and township officers;
(B) All district judicial officers serving a county;
(C) All members of county boards, advisory, administrative, or
subordinate service districts; and
(D) All employees thereof.
A.C.A. § 14-14-1202(b)(1). This definition clearly encompasses quorum court members.