The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 Can a person serving on the county equalization board also be elected to the Quorum Court and continue to serve in both capacities? Does Ark. Code Ann. § 26-27-308, which states the equalization board members shall be paid an amount fixed by the Quorum Court, and Ark. Code Ann. § 14-14-1205, which says no Justice of the Peace shall receive compensation from funds appropriated by the Quorum Court, prevent a person from holding both positions?
It is my opinion that the answer to your first question is "no," a person may not continue to serve in both capacities after election to the quorum court. The answer to your second question is technically "no," A.C.A. §14-14-1205(c) prohibits only the receipt of compensation, and not the holding of both positions altogether. In my opinion, however, the common law "incompatibility" doctrine, as discussed below, prohibits the holding of both positions simultaneously.
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties.Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). I have found no provision of the constitution prohibiting the holding of the two positions,[1] but you have noted a statute, A.C.A. § 14-14-1205(c) (Supp. 1995), which provides as follows:
 (c) JUSTICE OF THE PEACE AS COUNTY EMPLOYEE OR DEPUTY. No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided in this subchapter.
This statute prohibits the receipt of county compensation by a quorum court member other than as provided in A.C.A. §§ 14-14-1201 to -1209.[2]
As you have noted, another state law provides that county equalization board members are to receive compensation from the county. Section26-27-308 of the Arkansas Code provides that:
 (a) The members of the county equalization board and the secretary thereof of the counties of this state shall receive for their services an amount to be fixed by the quorum court of the county.
 (b) All compensation, together with expense necessarily incurred by reason of official action of the board, shall be audited and paid by the county as other claims against the county are audited and paid.
When these two statutes are read together, it becomes clear that A.C.A. § 14-14-1205(c) prohibits a quorum court member from receiving compensation under A.C.A. § 26-27-308, for service as a member of the county board of equalization. The former statute does not have the effect of expressly prohibiting the dual service, but its prohibition against the receipt of compensation may have the practical result of precluding the dual service, if the individual in question is unwilling to serve without compensation. See generally, Op. Att'y Gen. 96-262.
It is my opinion, in any event, that the common law doctrine of incompatibility does have the effect of prohibiting the dual service you describe. The common law prohibition against the concurrent holding of two positions is known as the "doctrine of incompatibility." Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme court has stated that two offices are "incompatible" if "there is a conflict of interest." Byrd,240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflicts[s] with the duties of the other, to the detriment of the public good," State ex rel. Murphy v.Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Federal Savings Loan Ass'n., 193 Ark. 1023,103 S.W.2d 458 (1937).
It is my opinion that the two offices[3] noted (quorum court member and county equalization board member), are incompatible in that as quorum court member, the individual in question would be in a position to influence the setting of his or her compensation under A.C.A. §26-27-308. The quorum court sets the salary of county equalization board members under that statute. I have previously opined that such power over the setting of salary gives rise to a conflict of interest for "incompatibility" purposes. See, e.g., Ops. Att'y Gen. 95-292 and 92-020. In addition, A.C.A. § 26-27-308 provides that the compensation and expenses of county board of equalization members shall be "audited" as other claims of the county are audited and paid. The quorum court exercises at least some supervision over the disbursement of such county funds. See A.C.A. § 14-20-105 (providing for a detailed statement of the financial condition of the county, showing receipts, and disbursements, to be provided to the quorum court by the county treasurer), and Op. Att'y Gen. 95-292 (noting this quorum court audit authority as a prohibitory factor in a similar "incompatibility" analysis). Again, the Arkansas Supreme Court cases on "incompatibility" deem supervisory audit authority as a factor triggering the common law prohibition against the holding of dual offices.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The "separation of powers" doctrine embodied in Arkansas Constitution, art. 4, §§ 1 and 2, applies generally only to state and constitutional offices. A separate statutory "separation of powers" doctrine for counties is set out at A.C.A. § 14-14-502(b), but its application is unclear as to county equalization board members. Because in my opinion the dual service you describe is prohibited by the common law "incompatibility" doctrine, a separation of powers analysis will not be explored in detail herein.
[2] This statute was amended by Act 363 of 1997, but the amendment is not relevant for purposes of this opinion.
[3] The incompatibility doctrine applies only when both positions are "offices" as opposed to one or both positions being mere "employments."See Op. Att'y Gen. 95-187. The position of quorum court member is of course an "office," and in my opinion so are the members of the county board of equalization, who take an "oath of office" (see A.C.A. §26-27-306), and whose duties are set by law. See A.C.A. §§ 26-27-301 to -317.