The Honorable Joe Hudson State Representative P.O. Box 470 Mountain Home, Arkansas 72654
Dear Representative Hudson:
This official Attorney General opinion is rendered in response to a question you have raised concerning dual service as a justice of the peace and as a county election commissioner. You have asked:
 Is it legal for a candidate for justice of the peace or a person currently serving as justice of the peace to serve on the county board of election commissioners?
It is my opinion that it is not permissible for a candidate for justice of the peace to serve on the county board of election commissioners, but that it is permissible for a person who is currently serving as justice of the peace to serve on the county board of election commissioners.
The situation involving a candidate for justice of the peace is straightforwardly prohibited by the provisions of A.C.A. § 7-4-109 and Article 3, § 10 of the Arkansas Constitution.
The pertinent sections of A.C.A. § 7-4-109 state:
 (a)(2) No member of a county board of election commissioners shall be a candidate for any office to be filled at any election while serving on the county board.
* * *
 (d) No member of a county board of election commissioners shall be a candidate for any office to be filled at any general election while serving on the county board.
A.C.A. §§ 7-4-109(a)(2) and (d).
Article 3, § 10 of the Arkansas Constitution provides in pertinent part:
 Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve. . . .
Ark. Const. art. 3, § 10.
Under the unambiguous language of these provisions of law, a person who is a candidate for justice of the peace cannot serve as on the county board of election commissioners during the election in which he or she is a candidate.
In contrast, the situation involving a person who is already serving as justice of the peace is not prohibited. Although Article 3, § 10 generally prohibits persons who hold office from serving as election officers, justices of the peace are explicitly excepted from the prohibitions of Article 3, § 10, as follows:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State.
Ark. Const., art. 3, § 10.
I find no other source of law that would prohibit a sitting justice of the peace from serving on the county board of election commissioners. The situation is not prohibited by the common law doctrine of incompatibility, under which one person cannot concurrently hold two positions that conflict in interest with one another. The Arkansas Supreme Court has stated that an impermissible conflict of interests between two positions exists in situations (among others) "where one office is subordinate to the other." Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966). The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937). The positions of justice of the peace and county election commissioner do not conflict in these ways. The concurrent holding of the two positions is therefore not prohibited by the common law doctrine of incompatibility.
Nevertheless, it should be noted that a justice of the peace who serves on the county board of election commissioners cannot receive the compensation that is normally allowed under A.C.A. § 7-4-111(b) from his or her service as a county election commissioner. Such compensation is prohibited by A.C.A. § 14-14-1205(c), as follows:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
A.C.A. § 14-14-1205(c).
For the foregoing reasons, I conclude that it is impermissible for a candidate for justice of the peace to serve on the county board of election commissioners, but that it is permissible for a person who is already serving as justice of the peace to serve on the county board of election commissioners. Accord, Op. Att'y Gen. No. 87-111.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh