The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 May members of the County Quorum Court serve as members of the County Planning Board?
You have asked in particular if A.C.A. § 14-14-705 or 14-14-1201et seq.[1] prohibits such dual service.
It is my opinion that while neither A.C.A. § 14-14-705 nor § 14-14-1201et seq. expressly prohibits a quorum court member from serving on a county planning board, one's simultaneous service in these positions is in all likelihood prohibited by the common law "incompatibility" doctrine.
First, with regard to the particular provisions you have cited, §14-14-705 is in my opinion inapplicable because it addresses county advisory and administrative boards generally, whereas county planning boards are governed specifically by A.C.A. §§ 14-17-201 through -211 (Repl. 1998). A comparison of these subchapters reveals significant differences with respect to the boards' organization, compelling me to conclude that the general prohibition in § 14-14-705(3)(D) against a quorum court member serving on a county advisory or administrative board does not extend to a county planning board.
As for § 14-14-1201 et seq., a review of these provisions governing personnel procedures fails to yield any express prohibition against a quorum court member's service on the county planning board. Reference should be made, however, to § 14-14-1205(c),[2] which would prohibit the quorum court member from receiving compensation under A.C.A. §14-17-204(c) for service as a member of the county planning board. Although this may have the practical effect of precluding the dual service if the individual in question is unwilling to serve without compensation, § 14-14-1205(c) does not expressly prohibit this service.Cf. Op. Att'y Gen. 94-220 (regarding simultaneous service as a quorum court member and member of a county hospital board).
As stated above, however, it is my opinion that the common law doctrine of incompatibility does have the effect of prohibiting one's dual service as a member of a county quorum court and as a member of the county planning board.[3] The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interest." Byrd v.State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). Incompatibility of offices has been found to exist whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am.Jur.2d Public Officers and Employees 78 (1984). Such a conflict of interests exists in situations (among others) "where one office is subordinate to the other." Byrd, supra,240 Ark. at 745. The Arkansas Supreme Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Murphy v. Townsend, 72 Ark. 180
(1904), and as situations in which "one [office] is subordinate to the other and subject in some degree to the supervisory power of its incumbent. . . . Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 1025, 103 S.W.2d 458 (1937).
It may reasonably be concluded, in my opinion, following these guidelines, that the position of quorum court member and the position of county planning board member are incompatible based upon their respective statutory powers and functions. A majority of the quorum court must approve creation of the planning board, and the quorum court must confirm appointments to the board. A.C.A. § 14-17-203(a). Members of the planning board are subject to removal upon recommendation by the county judge and confirmation by the quorum court. Id. at subsection (b). These statutory powers are probably alone sufficient to preclude dual service on the quorum court and the planning board. Additional areas of conflict are also evident, however, when considering the substantive authority and function of the quorum court with respect to approval of recommendations submitted by the planning board. See, e.g., A.C.A. § 14-14-807(4) (regarding quorum court's authority to either accept, modify, or reject the Board's recommendation, or initiate its own planning and zoning laws) and §§ 14-17-205 and -207 (procedures for adoption of official plans).
In conclusion, therefore, although I have found no case directly on point, it is my opinion that a quorum court member's service on the county planning board would in all likelihood be prohibited under the incompatibility doctrine.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Although you cite A.C.A. § 14-14-201 et seq. in your request letter, I assume that this is a typographical error and that you are actually referring to § 14-14-1201 et seq. (governing personnel procedures). Section 14-14-201 et seq. deals with county boundary lines.
[2] This Code section states in relevant part that "[n]o justice of the peace shall receive . . . compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided in this subchapter." A.C.A. § 14-14-1205(c) (Repl. 1998).
[3] Please note that I have also considered the possibility of a constitutional prohibition against this dual office holding, and have found no constitutional conflict. The "separation of powers" doctrine embodied in Ark. Const. art. 4, §§ 1 and 2, applies generally only to state and constitutional offices. Nor does the separate statutory "separation of powers" doctrine for counties (§ 14-14-502(b)) clearly apply in this instance. And the prohibition in Ark. Const. art. 19, § 6
against holding or performing the duties of more than one office in the same department of government has been interpreted as only applying to state officials who are clearly designated as officers of a department of state government. See Op. Att'y Gen. 91-043 and citations therein. And in any event, these offices do not involve the same department of government. Quorum court members serve in a judicial and legislative role, while members of a county planning board, in my opinion, likely serve in an executive capacity.