The Honorable Percy Malone State Representative 518 Clay Street Arkadelphia, Arkansas 71923-6024
Dear Representative Malone:
You have requested an Attorney General opinion on the following question:
 Is it permissible for an individual to serve as an assistant fire chief on a volunteer fire department and continue to receive compensation for his service as county judge?
It is my opinion that no law or legal principle would prohibit the county judge from receiving his compensation as county judge. The greater concern would be any compensation the county judge might receive for his service as assistant fire chief. As explained more fully below, this compensation issue, as well as others involving the judge's ability to affect the fire department, could give rise to certain legal concerns, as discussed below.
You have not indicated the relationship between the county and the volunteer fire department in question.[1] That issue is pertinent not only to the question you have presented, but also to the issue of whether "dual service" in these two positions is permissible at all. Because I have not been apprised of this crucial information, I cannot opine definitively regarding these issues. However, I will present the legal principles that will apply. I will address the dual service issue first.
Dual Service
If the relationship between the fire department and the county is one in which the county judge has a pervasive ability to affect or control the fire department or the position of assistant fire chief, his dual service in the two positions would be impermissible. Although such dual service would not be prohibited by the constitution or by statute, it would violate the common law doctrine of "incompatibility." Under this doctrine, it is impermissible for any person to hold two positions that are "incompatible." The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests." Byrdv. State, 240 Ark. 743, 402 S.W.2d 121 (1966). Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [position] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458
(1937).
If the situation about which you have inquired is one to which the Supreme Court's above-quoted descriptions of incompatible positions would apply, the individual in question should not serve as both county judge and assistant fire chief. That is, if the county judge has the ability to hire, fire, or otherwise control the assistant fire chief, or if the duties of the two positions would otherwise be in conflict, the dual service is impermissible. However, if the county judge does not exercise this type of control over the assistant fire chief, or if the duties of the two positions do not conflict, the dual service would not give rise to legal concerns.
Compensation and Common Law Conflicts of Interest
If the situation you have described is one in which the dual service is permissible, a potential common law conflict-of-interest concern could nevertheless arise if the fire department in question is one over which the county has the ability to exercise occasional control, or if the county ever takes any action concerning the fire department. Such a common law conflict-of-interest concern would directly impact your question about compensation.
The common law prohibition against conflicts of interest is reflected in the statement that:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 94-283 and 94-446,citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719 (1940);Madden v. United States Associates, 40 Ark. App. 143, 844 S.W.2d 374
(1992); Acme Brick Co. v. Missouri Pacific R.R., 307 Ark. 363,821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees
§ 321.
This common law prohibition against conflicts of interest is also embodied in the provisions of certain Arkansas statutes that are pertinent to this situation. First, A.C.A. § 14-14-1202(a) states in pertinent part:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a).
Similarly, A.C.A. § 21-8-304 provides in pertinent part:
 (a) No public official shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
A.C.A. § 21-8-304.
Finally, A.C.A. § 14-14-1202(c)(1)(A) provides:
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1)(A).
If the fire department in question is one in which dual service as county judge and assistant fire chief is permissible because the judge does not exercise pervasive control over the assistant fire chief, but the county has the ability to exercise occasional control over the fire department, the county judge, under the principles governing common law conflicts of interest, must not only abstain from participating in any action concerning the department, but is specifically prohibited from using his position to affect any compensation or benefits that he may receive as assistant fire chief, or to affect the fire department in any way that would result in his own financial gain. Moreover, it is my opinion that if the county pays the compensation of the assistant fire chief, A.C.A. § 14-14-1202(c)(1)(A), quoted above, would prohibit him from accepting that compensation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] For a discussion of the various forms in which fire departments can be organized under Arkansas law, see Ops. Att'y Gen. Nos. 97-377 and 96-114.