The Honorable Sam E. Angel, II State Representative P.O. Box 748 Lake Village, Arkansas 71653-0748
Dear Representative Angel:
This is in response to your request, on behalf of the Chicot County Judge, for an opinion on three questions regarding the appointment of county board of equalization members under Act 1326 of 1999. That act reconstitutes the membership of the local county boards of equalization and provides for the appointment of new members to these boards in July 1999.
A letter appended to your request from the Chicot County Judge notes that Act 1326 contains a provision requiring the school board members of each school district within the county to select one member of the county board of equalization and one alternate. The Judge notes that there are three school districts in Chicot County and each school district has recommended a separate person to serve on the county board of equalization. "To further cloud the issue, in one of the school districts, the person who is being selected to serve, is the District's School Superintendent and in the other district, a School Board member is being recommended." Three questions are posed for resolution, as follows:
 1. Since the School Districts cannot reach an agreement on a representative to serve as a member on the board and this selection of a representative should have been made during the month of May, who is empowered to appoint this board member?
 2. Can I, as County Judge, make this appointment by Court Order of the County General Court and resolve the issue?
 3. Is there a conflict of interest for a District School Superintendent, or a school board member, or city council person to serve on this board, since the District and/or entity benefits from the assessments of taxes?
RESPONSE
It is my opinion, in response to your first question, that only the school districts of the county are empowered to make the appointment. The act sets out the exact procedure for this to be done, and it involves a formal meeting, called by the county judge, and a majority vote of all the school board members in the county. In my opinion the answer to your second question is therefore "no." The answer to your third question is not entirely clear, but in my opinion the service by a school board member or city councilperson on the county board of equalization would in all likelihood violate the common law incompatibility of offices doctrine and would be prohibited by a court faced with the question. The issue is not as pronounced with regard to a school board superintendent, but in my opinion caution is warranted under the incompatibility doctrine.
Question 1 — Since the School Districts cannot reach an agreement on arepresentative to serve as a member on the board and this selection of arepresentative should have been made during the month of May, who isempowered to appoint this board member?
Act 1326 provides, with regard to the appointment of the school boards' representative on the county board of equalization, as follows:
(a)(1) Where the equalization board consists of five (5) members:
 (A) One member shall be selected by the representatives of the several school districts of the county.
* * *
 (b)(1)(A)(i) For the purpose of making the selection of their members of the county equalization board as provided in this section, the school board members of each school district in each county shall select one (1) representative and one (1) alternate representative for each school district.
 (ii) The representatives of the several school districts of each county shall hold a meeting during the month of May of each year in which the term of any of their members of the board shall expire.
 (B) The county judge shall serve as chairman of the meeting and shall issue the call therefor which shall specify the time, date, and place of the meeting.
 (C)(i) The selection of members of the board shall be by majority vote of the school board representatives present and no action shall be taken unless there is a quorum present.
 (ii) A majority of all the school board representatives in the county shall constitute a quorum.
The procedure for the selection of the school districts' representative on the county board is clear. Each school district is to select one representative and one alternate for each school district. This has apparently already occurred. The County Judge should then call a collective meeting of all the school board members, at which time one representative should be selected by majority vote. No other method, nor any other appointing authority is authorized by the Act. Obviously, if the respective members of the school boards are evenly split on their selections, the outcome may depend upon the number of members of each school board present at the meeting.
Question 2 — Can I, as County Judge, make this appointment by Court Orderof the County General Court and resolve the issue?
It is my opinion, consistent with the discussion above, that the answer to this question is "no."
Question 3 — Is there a conflict of interest for a District SchoolSuperintendent, or a school board member, or city council person to serveon this board, since the District and/or entity benefits from theassessments of taxes?
It is my opinion, although the issue is not entirely clear, that the simultaneous holding of the office of county equalization board member and either school board member or city councilperson, would violate the common law doctrine of incompatibility of offices.
In analyzing dual office-holding questions, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties.Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). I have found no provision of the constitution that prohibits the holding of the simultaneous positions listed. Neither have I found any Arkansas statute that expressly prohibits the dual service. Act 1326, and the statutory subchapter it amends, provide certain qualifications for equalization board members, but do not address dual office holding.
It is my opinion, nonetheless, that the simultaneous holding of the positions at issue would in all likelihood violate the so-called "incompatibility" doctrine. The doctrine is discussed generally at 67 C.J.S. Officers § 27(a) as follows:
 A public officer is . . . prohibited from holding two incompatible offices at the same time, as a matter of public policy, in order to assure not only the actuality of undivided loyalty, but also the appearance thereof. Even though specific constitutional and statutory provisions furnish no bar to the holding of particular offices or positions at the same time, the common law must be considered in determining whether there is any incompatibility therein. . . .
* * *
 Where the functions of two offices are inconsistent, they are regarded as incompatible, but there is no incompatibility of office except as prescribed by the constitution or laws enacted pursuant thereto, or in cases where there is incompatibility of duties in the different positions. The question of incompatibility of necessity depends on the circumstances of the individual case. . . .
* * *
 The inconsistency of functions rendering offices incompatible lies in a conflict of interest. . . . In this connection the issue is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of duties of one interferes with the performance of those of the other. Accordingly, a conflict of interest exists where one office is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power of appointment as to the other office, or has the power to remove the incumbent of the other or to punish the other. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other, or to audit his accounts.
67 C.J.S. Officers, § 27 (a). (Footnotes omitted). See also Thompson v.Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998) (positions of mayor and city bookkeeper incompatible); Byrd v. State, supra (simultaneous holding of positions as county election commissioner, school board member and member of county board of education violates incompatibility doctrine); Tappanv. Helena Federal Savings and Loan Ass'n., 193 Ark. 1023, 104 S.W.2d 458
(1937) (positions of city council member and improvement district board member incompatible); Op. Att'y Gen. 98-110 (simultaneous service as county equalization board member and tax assessor would violate incompatibility doctrine); and Op. Att'y Gen. 97-143 (positions of county equalization board member and member of county quorum court incompatible).
With respect to the positions of school board member and city council person, it is important to note that each of these incumbents is invested with some authority to appoint county equalization board members. See
Acts 1999, No. 1326, § 3, amending A.C.A. § 26-27-304 (b)(1) and (2). This is one factor, as noted above, evidencing a prohibited conflict of interest. See also 67 C.J.S. Officers § 23 (stating that a member of an appointing board is ineligible for appointment by the board). In addition, as noted by the Chicot County Judge, a question arises as to whether the simultaneous performance of the duties of school board member or city councilperson and county equalization board member creates a general conflict of interest, because the entities these officials represent benefit from the taxes collected. The relevant inquiry in this instance, in my opinion, is whether this set of circumstances is "detrimental to the public interest" under the test set out above. Seealso Murphy v. Townsend, 72 Ark. 180 (1904) (stating that incompatibility arises where the "discharge of the duties of the one conflict with the duties of the other, to the detriment of the public good"). I have found no Arkansas judicial decision which provides guidance on this question.See however, The Bath Club, Inc., v. Dade County, 394 So.2d 110 (Fla. 1981).[1] In my opinion, however, with respect to these officials, this alleged conflict of interest strengthens the presumptive conflict created by the appointive power noted above.
The final issue for resolution involves the service of a school superintendent on the county board of equalization. The answer to this question is not as clear, in my opinion, as the issue involving school board members and city council members, who possess the power of appointment. A question still remains, however, as to whether the service of a school superintendent on the county board of equalization would generate a conflict of interest prohibited by the incompatibility doctrine, because the duties are incompatible to the detriment of the public good.[2] A judicial resolution of this question may be the only definitive way to resolve this question. In the interim, however, a cautionary note is warranted in light of the incompatibility doctrine.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR ATTONREY GENERAL
MP:ECW:cyh
[1] In The Bath Club, the Florida Supreme Court held that a state statute providing for the service of county commissioners and school board members on the county tax equalization body did not violate a dual office-holding restriction in Florida's constitution. The court rejected an alleged conflict based on the officers' presumptive predisposition to secure adequate revenues for their agencies' public budgets. This case is distinguishable from the instance facts, in my opinion, however, because the court held that the statute simply imposed an additional duty on the commissioners and school board members, and in fact no "dual" office was held. Those are not the facts giving rise to your questions, which involve distinct offices.
[2] I am cognizant of the fact that a school superintendent has been characterized as an "employee," rather than an "officer" for purposes of certain dual office-holding prohibitions. See e.g., Maddox v. State,220 Ark. 762, 249 S.W.2d 972 (1952). After the decision in Thompson v.Roberts, supra, however, it appears that this fact may be irrelevant under a common law incompatibility analysis. See e.g., Op. Att'y. Gen.98-108.