The Honorable Cliff Hoofman State Senator Box 1038 N. Little Rock, AR 72115-1038
Dear Senator Hoofman:
You have requested an Attorney General opinion concerning a member of the city board of directors serving on the city waterworks and wastewater commission or on the board of a suburban improvement district.
You indicate that the city board member in question has served on the city board since 1991. In 1995, the city board passed an ordinance granting the city board the authority to approve rates for service provided by the suburban improvement district that provides water and sewer services for the city. In 1996, the city board passed an ordinance creating a city waterworks and wastewater commission. You state that this commission exists in name only. In 1997, the board of the suburban improvement district voted to appoint the city board member in question to fill a vacancy on the board of the suburban improvement district. In 1999, the city board adopted a resolution appointing the same city board member to the board of the waterworks and wastewater commission, and providing for the merger of that commission with the suburban improvement district. The board of the suburban improvement district has never voted on that resolution.
In light of this scenario, you have presented the following questions:
 (1) Can the city board member lawfully serve simultaneously as a member of the city board and a member of the waterworks and wastewater commission?
 (2) Can the city board member lawfully serve simultaneously as a member of the city council and a member of the board of the suburban improvement district?
RESPONSE
Question 1 — Can the city board member lawfully serve simultaneously as amember of the city council and a member of the waterworks and wastewatercommission?
It is my opinion that the city board member in question may not serve simultaneously as a member of the city board and a member of the waterworks and wastewater commission.
This question involves the issue of "dual office holding." Under Arkansas law, dual office-holding can be prohibited in three ways: (1) By a specific constitutional provision; (2) By a specific statutory provision; or (3) By the common law doctrine of "incompatibility." Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). Although I find no constitutional prohibitions to the situation you have described, I find that it is prohibited both by statute and by the common law doctrine of "incompatibility."
The statutory prohibition of this situation is stated in A.C.A. §14-42-107, as follow:
 (a)(1) No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which was created or the emoluments of which shall have been increased during the time for which he shall have been elected.
 (2) No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
A.C.A. § 14-42-107(a)(1)(2).
The above-quoted provision applies to cities of all classes and all forms of city government. It clearly applies to the situation you have described, because service on the board of the city waterworks and wastewater commission would, in my opinion, constitute service in a "municipal office" within the meaning of this provision. This office has previously taken this position. See, e.g., Op. Att'y Gen. No. 92-273
(holding that A.C.A. § 14-42-107 prohibits a city council member from simultaneously serving on the city water commission). Moreover, in the situation you have described, the waterworks and wastewater commission was created during the time for which the board member in question was elected. Thus, both Section (a)(1) and Section (a)(2) would apply.
Even if there were no statutory prohibition of this situation, it is my opinion that it would be prohibited by the common law doctrine of incompatibility. Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937).
The incompatibility problem in the situation that you have described lies in the fact that the city board exercises a considerable degree of control over the board of the city waterworks and wastewater commission.[1] It has the power, for example, to create the commission [see A.C.A. §§ 14-234-303; 14-47-132(1); and the applicable ordinance], to appoint commissioners [see A.C.A. §§ 14-234-304; 14-47-131(2); and the applicable ordinance], to remove commissioners [see A.C.A. § 14-234-305
and the applicable ordinance], to appoint employees of the commission [see A.C.A. § 14-47-133 and the applicable ordinance], and to fill vacancies on the commission [A.C.A. §§ 14-234-304; 14-47-132, and the applicable ordinance]. This substantial authority that the city board may exercise over the board of the waterworks commission indicates that service on both boards would be incompatible, under the standards that have been discussed by the Arkansas Supreme Court.
I therefore conclude that the city board member in question may not serve simultaneously as a member of the city board and a member of the waterworks and wastewater commission.
Question 2 — Can the city council member lawfully serve simultaneously asa member of the city council and a member of the board of the suburbanimprovement district?
It is my opinion that until the board of the suburban improvement district has voted to adopt the resolution to merge with the city waterworks commission, it will be permissible for the city board member in question to serve simultaneously as a member of the city board and a member of the board of the suburban improvement district. Such dual service is not prohibited by constitutional provision or by statutory provision. It is also not prohibited by the common law doctrine of "incompatibility."
Suburban improvement districts are governed by the provisions of A.C.A. § 14-92-101 et seq. Under this set of statutes, the city board exercises no control over the board of the improvement district. Such districts are controlled, rather, by the county court.
If, however, the board of the improvement district should vote to adopt the resolution to merge with the waterworks commission, such dual service would be prohibited by the common law doctrine of incompatibility,[2]
because of the control that the city board would exercise over the district.
Accordingly, I conclude that until the board of the suburban improvement district votes to adopt the resolution to merge with the city waterworks commission, it will be permissible for a member of the city board to serve simultaneously on the city board and on the board of the suburban improvement district.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] This conclusion is not affected by the fact that the waterworks and wastewater commission may be inactive. The incompatibility arises out of the degree of control that the law allows the city board to exercise. This factor is the same, regardless of whether the commission is active.
[2] If the board should adopt the merger resolution, the situation may also be prohibited by the provisions of A.C.A. § 14-42-107, for the reasons stated in response to Question 1.