The Honorable Sandra D. Rodgers State Representative P.O. Box 595 Hope, Arkansas 71802-0595
Dear Representative Rodgers:
I am writing in response to your request for an opinion on the following question:
What constitutes elected officials holding dual offices?
RESPONSE
I assume that your question inquires as to the legality orconstitutionality of holding more than one such office. The resolution of this question must be determined with reference to the individual offices in question, and in light of the pertinent constitutional, statutory, or common law applicable thereto. I cannot answer this question in a blanket fashion, but can set out below the most commonly implicated legal provisions in the area of dual office holding.
The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e. the "doctrine of incompatibility"). Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). The most common constitutional prohibitions include the following:
Article 5, § 10
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
 Article 5, § 7
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
 The "separation of powers doctrine" (art. 4, §§ 1 and 2)
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
 Article 19, § 6
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
 Article 19, § 26
 Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office.
Also relevant is art. 3, § 10, as to dual office holding of election officers, art. 6 § 11 as to dual office holding on the part of the Governor and art. 7, §§ 10 and 18 as to dual office holding of Supreme Court justices and circuit court judges.
As can be seen from the numerous and varied provisions above, a particular question with regard to dual office holding must be addressed with reference to the individual offices in question.
Statutory provisions addressing dual office holding are even more numerous and varied than the constitutional provisions listed above. Particular prohibitions are codified and incorporated in the legislation addressing individual offices. A complete analysis of all the statutory prohibitions codified in the Arkansas Code is impossible in this format. If you have a specific question about the holding of particular simultaneous offices, I will be happy to address the relevant statutory provisions.
The most often implicated common law prohibition against the holding of two separate offices is the "incompatibility doctrine." Under the doctrine of incompatibility, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd, supra, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458 (1937). Again, each case must be evaluated on its own particular facts, with consideration given to the individual offices in question.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh