BYRD *v.* STATE, EX REL

3817                                          402 S. W. 2d 121

Opinion delivered May 2, 1966

*Nell Powell,* for appellant.

*Bruce Bennett,* Attorney General, *Wm. Powell Thompson,* Asst. Atty. General, for appellee.

CARLETON HARRIS, Chief Justice. The question in this litigation is whether appellant, Ray Byrd, is eligible to serve as a member of the School Board of Cotter School District No. 60, and as a member of the Baxter County Board of Education. Appellant first commenced serving as a member of the Cotter district board in 1945, and he was most recently elected to serve in the position in September, 1960. Byrd has been serving as a member of the Baxter County Board of Education since 1958, and was most recently elected to that position in September, 1963. Appellant has also been a member of the Baxter County Board of Election Commissioners since 1960, and was most recently appointed to that position in October, 1964. In January, 1965, the state, through the Prosecuting Attorney for the Sixteenth Judicial District, instituted *quo warranto* proceedings against Byrd, seeking to remove him from the offices of the school board and the county board of education. On trial, the court held that the acceptance of the office as a member of the county board of education resulted in the usurpation of the office of member of the board of County School District No. 60, and that the acceptance of the office of member of the County Board of Election Commissioners resulted in the usurpation of the office on the county board of education, and that because of the incompatibility of the offices, Byrd should be ousted from his office on the school board, and from his office on the Baxter County Board of Education.[1] From the judgment so entered, appellant brings this appeal.

Appellant admits that there are two grounds upon which one who holds an office and accepts another, endeavoring to exercise the duties of both, will be ousted from the earlier position. One ground is that the hold-

---

[1] The court also found that Byrd was in default in filing his answer.

ing of the offices is forbidden by the Constitution (or a statute), and the other ground for removal is that the duties of the offices are incompatible. It is here contended by appellant that the constitutional prohibition does not apply to the offices involved, and further, that no conflict or incompatibility in the duties of these particular offices exists. Since we think that clearly the offices are incompatible, there is no occasion to discuss the constitutional question.

We have held that incompatibility exists where there is a conflict of interests, which includes, *inter alia,* where one office is subordinate to the other. *Tappan* v. *Helena Fed. Savings & Loan Ass'n.,* 193 Ark. 1023, 104 S. W. 2d 458. The county board of education has the authority to create local school districts, change the boundary lines of school districts, dissolve school districts, annex the territory of one district to another, appoint school directors to fill vacancies in certain instances[2], and perform other duties relative to changes in school districts. Ark. Stat. Ann. § 80-213, § 80-404, § 80-408 (Repl. 1960). It is obvious that a county board of education has a great deal of supervisory responsibility over a district school board, and these offices are clearly incompatible. The duties of a member of a county board of election commissioners are clearly inconsistent with becoming a candidate for the school board or the county board of education. This is true because the election commissioners are charged with the duty of selecting judges and clerks for all school elections, and are empowered to make the arrangements for conducting a school election. Ark. Stat. Ann. § 80-317 (Repl. 1960). Clearly, there is a conflict of interest when an individual, who has some part in conducting an election, becomes a candidate at that same election. In fact, this incompatibility has been recognized by the people of this state, and, in 1948, an act was initiated, and adopted, by the people, which provides, *inter alia,* that, ''no member of a County Board of Election Commissioners shall be a

---

[2]This provision is contained in Ark. Stat. Ann. § 80-216 and 80-504 (Repl. 1960).

candidate for any office to be filled at any general election while serving on said County Board." General election laws apply also to school elections. Ark. Stat. Ann. § 80-317 (Repl. 1960).

It is here only necessary that we determine whether the evidence supported the judgment rendered by the trial court. That court held that the offices are incompatible, and, in such event, the office-holder retains the last office accepted, where there is no controlling constitutional provision or statutory law to the contrary. 67 C. J. S. "Offices," Sec. 23(c), P. 148-49. According to the record, the last office accepted by appellant was reappointment to the Board of Election Commissioners in 1964.

There is no error in the order of ouster.

Affirmed.

BLAND, J., not participating.