Honorable Joe K. Hardin Prosecuting Attorney P. O. Drawer 507 Benton, AR 72015
Dear Mr. Hardin:
We are writing in response to your request for our opinion whether an illegal conflict of interest exists for a medical doctor who serves on a county hospital's board of directors while he has staff privileges at that hospital. Based on the reasoning that follows, it is our opinion that the mere holding of both positions does not create a conflict of interest proscribed by Arkansas law.
As a general rule, there are three categories of conflicts of interest prohibited by law: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121,123 (1966). We found no constitutional prohibition that would apply to the situation in issue.
There also appears to be no statutory prohibition against the situation you described. Section 115 of Act 741 of 1977, Ark. Stat. Ann. 17-4208 (Repl. 1980), prescribes the ethical conduct for county officials and employees. The county officer or employee:
 "may not use their office, the influence created by their official position or information gained by virtue of their position to advance their individual . . . or associates personal economic interest, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally."
Ark. Stat. Ann. 17-4208(1)
The Act provides that "no officer or employee of county government shall: (a) be interested, either directly or indirectly, in any contract or transaction made, or authorized or entered into on behalf of the county or an entity created by the county. . . ." Ark. Stat. Ann. 17-4208(3). Act 742 applies to "all members of county boards, advisory, administrative or subordinate service districts, and all employees thereof." Ark. Stat. Ann. 17-4208(2). A member of a county hospital's board of directors is a county officer whose conduct is governed by Act 742. Id.
A statutory conflict of interest would exist for a hospital board member interested, directly or indirectly, in any contract or transaction made by the Board on behalf of the county. The hospital board member's having staff privileges at that hospital is not prohibited by Act 742. Extending staff privileges to a doctor does not appear to be a "contract or transaction" contemplated by Act 742. A doctor having staff privileges does not have a contract of employment with that hospital, nor is he a "public officer" by virtue of having those privileges. See Baxter County Newspapers, Inc. v. Medical Staff of Baxter County Hospital, 273 Ark. 511, 622 S.W.2d 495, 496 (1981). "His status is that of an individual who has certain privileges extended to him by the county hospital. . . ." Id.
Although a conflict of interest might arise if the board member's own staff privileges were put in issue, it is our opinion that the potential conflict does not prohibit a doctor having staff privileges from serving on the hospital's board of directors. Cf. Warren v. Reed, 231 Ark. 714, 331 S.W.2d 847 (1960) (wherein the court required a hospital board member having a laundry contract with that hospital to relinquish the contract, not the office).
Finally, since one having staff privileges at a hospital does not hold an "office," Baxter County Newspapers, Inc., 622 S.W.2d 496, there does not appear to be the "incompatibility of office" conflict discussed in Byrd, supra. Therefore, we do not believe that Arkansas law prohibits a doctor who has staff privileges at a county hospital from serving on the board of directors of that hospital.
We hope that the foregoing will prove of material benefit to you. If there exist material facts outside those contained in your opinion request, we might have to modify our opinion accordingly. This opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills.