The Honorable Keith N. Wood State Representative P.O. Box 1122 Hope, AR 71801-1122
Dear Representative Wood:
This is in response to your request for an opinion on three questions regarding the appointment of a park ranger for the Department of Parks and Tourism to the position of City Marshal of Washington, Arkansas. Your questions will be restated and answered in the order posed. Assuming that the office of City Marshal for Washington, Arkansas, a second class city, is made appointive rather than elective, under A.C.A. § 14-44-111 (1987), it is my opinion that there is generally nothing prohibiting a park ranger from being appointed to the position.
Your first question is:
1. What are law enforcement powers and duties of a park ranger?
The Executive Director of the Arkansas Department of Parks and Tourism is specifically authorized to appoint one or more of the employees of the department as security officer or officers for a state park or any portion thereof. See A.C.A. § 25-17-304(a) (1987). Those security officers shall be considered peace officers under Arkansas law, id., though their authority would appear to be limited to land under the jurisdiction of the State Parks, Recreation, and Travel Commission. See A.C.A. §22-4-103(9) (1987). These officers shall have all the powers provided by law for city police and county sheriffs, to be exercised as required for the protection of the respective state parks, together with any other duties assigned by the employing department. A.C.A. § 25-17-304(b) (1987). However, no current jurisdictional powers or responsibility of county sheriffs or city police over the land or property or persons on the land shall be ceded to the security officers. A.C.A. § 25-17-304(c) (1987). Additionally, the appointment or designation of a security officer shall not be deemed to supersede in any way the authority of the state police or the county sheriffs or other peace oficers of the jurisdiction within which the institution is located. Id.
Specifically, § 25-17-305 provides that a security officer appointed pursuant to the authority of A.C.A. § 25-17-304, shall have the following powers and duties, except to the extent otherwise limited by the executive of the department appointing him:
 (a) A security officer . . . shall protect property, preserve and maintain proper order and decorum, prevent unlawful assemblies and disorderly conduct, exclude and eject persons detrimental to the well-being of the institution, prevent trespass, and regulate the operation and parking of motor vehicles upon and in all of the grounds, buildings, improvements, streets, alleys, and sidewalks under the control of the institution employing him.
 (b) He shall have and exercise police supervision on behalf of the institution and is authorized as a peace officer to arrest any person upon or in the areas described above who is committing an offense against any law of the State of Arkansas or against the ordinances of the city wherein the institution is located and to deliver that person before any court of competent jurisdiction to be dealt with according to law. He shall have the authority to summon a posse comitatus if necessary.
Your second question is:
2. Can a park ranger legally hold the position of city marshal?
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The presence of any one of these three conflicts renders the dual office-holding in question impermissible.
We find neither a constitutional nor statutory conflict prohibiting one person from holding the offices of both park ranger and city marshal. Likewise, the common law doctrine of incompatibility does not appear to prohibit the dual office-holding in question. Thus, it is my opinion that a park ranger may legally hold the position of city marshal.
Your third question is:
 3. Would the Arkansas State Department of Parks and Tourism and/or the City of Washington be exposed to the possibility of any additional liability if a park ranger should also serve as city marshal?
While the execution of these two positions by one person would necessarily expand these two entities' exposure to liability, any liability would, as always, depend upon the particular fact situation involved.[1] As a general matter, however, the Department's exposure to liability should be limited to instances in which the individual acts as park ranger, and the City of Washington's liability should be limited to instances in which the individual acts as city marshal. Thus, additional liability for either entity would apparently arise only when it is unclear in what capacity the individual has acted. While it should generally be possible to determine whether, at a particular time, the individual was acting in his capacity as park ranger or as city marshal, one obvious area of overlap is worthy of note. As noted above, a park ranger is given the authority to arrest anyone violating a city ordinance on park property and to bring that person before a court of competent jurisdiction. See
A.C.A. § 25-17-305(b) (1987). A city marshal also has the power to arrest someone for a violation of a city ordinance on park property (see A.C.A. § 25-17-304(c) (1987)); and thus it might be difficult to determine whether, in making such an arrest, the individual was acting in his capacity as park ranger or city marshal. Both the Department of Parks and Tourism and the City of Washington could conceivably be exposed to liability in that instance. As one possible means of separating these functions, the Executive Director of the Department of Parks and Tourism might specifically limit the park ranger's duties pursuant to A.C.A. § 25-17-305(a) (1987), excluding the enforcement of city ordinances on park property. Then when the individual arrests someone for violating a city ordinance on park property, it would necessarily be in his capacity as city marshal.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
[1] It should be noted that these entities generally enjoy immunity from tort liability under state law. With respect to federal causes of action, however, such as suits brought pursuant to 42 U.S.C. § 1983 (1986), these entities are accorded no immunity from suit. Individual officers themselves are entitled to only qualified immunity under federal law. See generally,Anderson v. Creighton, 483 U.S. 635 (1987).