The Honorable James C. Scott State Senator #1 Scott Drive Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 May a person serving as an elected Justice of the Peace simultaneously serve as an elected member of a school district board of directors?
It is my opinion that the answer to this question is "yes." Unlawful conflicts of interest generally fall within three categories: a constitutional conflict, a statutory conflict, and a conflict that arises due to the incompatibility of offices.See Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). There is no explicit constitutional or statutory prohibition against one's simultaneous service as a justice of the peace and local school board member.[1] Nor, in my opinion, are the local school board and justice of the peace positions generally incompatible. While this is ordinarily a question of fact to be resolved by the judiciary, I perceive no apparent conflict that would preclude one's simultaneous service in these positions. The quorum court does not exercise general supervisory authority over the schools, nor are the local school board members subject to removal by the city council. The usual indicators of potential incompatibility are therefore absent. See generally Tappanv. Helena Federal Savings Loan Association, 193 Ark. 1023,104 S.W.2d 458 (1937). The Arkansas Supreme Court would be unlikely, in my opinion, to conclude with regard to these positions that the duties of one ". . . conflict with the duties of the other, to the detriment of the public good." State ex rel. Murphy v.Townsend, 72 Ark. 180, 184, 79 S.W. 782 (1909).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1] This office has previously opined that Article 19, Section26 of the Arkansas Constitution, which authorizes the election of public school officers to executive or judicial office, does not operate to preclude the legislature from regulating public school officers' access to other offices. See Op. Att'y. Gen. 89-201
(copy enclosed). As noted, there is currently no legislative restriction with regard to the office of justice of the peace and school board membership.