The Honorable Jim Argue, Jr. State Representative 5905 Forest Place, #210 Little Rock, AR 72207-5245
Dear Representative Argue:
This is in response to your request for an opinion on whether A.C.A. § 7-4-109(a)(2) precludes a member of a county board of election commissioners from being a candidate for delegate to the Democratic National Convention.
It is my opinion that the statute does not prohibit such candidacy, but only if the election commissioner seeks only the position of Democratic National Convention delegate. A county election commissioner, in my opinion, cannot be a candidate on the primary ballot for election as a State Convention delegate, or delegate to a Democratic Congressional District Caucus, each of which, in many instances, precedes a person's selection as a national convention delegate.
The statute you reference provides as follows:
 No member of a county board of election commissioners shall be a candidate for any office to be filled at any election while serving on the county board.
See also Arkansas Constitution art. 3, § 10.
The obvious purpose of this statute is to prohibit the conflict of interest which would result if an individual who has some part in conducting an election becomes a candidate at that same election. See Byrd v. State, 240 Ark. 743, 402 S.W.2d 121
(1966).
Democratic National Convention delegates are selected not at the primary election, but at the Democratic State Convention and the Democratic Congressional District Caucuses. If the election commissioner thus seeks only the position of Democratic National Convention delegate, his or her name will not appear on the primary election ballot and, in my opinion, there would be no violation of the statute. The statute prohibits a commissioner from being a candidate "at any election while serving on the county board." It is my opinion that the language "at any election" does not refer to the selection process of the Democratic party at either the State Democratic Convention or a Congressional District Caucus.
In many instances, however, persons desiring to be selected as Democratic National Convention delegates also, preparatory thereto, become candidates for Democratic State Convention delegate or Democratic Congressional District Caucus delegate. These positions are filled by the voters of the state at the primary election, and the names of these candidates appear on the primary ballot. It is my opinion, therefore, that a county election commissioner may not be a candidate for election as Democratic State Convention delegate or Democratic Congressional District Caucus delegate preparatory to his or her "candidacy" for National Convention delegate.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Although an argument could be made that A.C.A. §7-4-109(a)(2) does not prohibit an election commissioner's candidacy for state convention delegate or congressional district caucus delegate because these positions are not "offices" under the language of the statute, it appears that the Arkansas Supreme Court has recognized a common law incompatibility and conflict of interest which would prohibit such candidacy, even if the statute is inapplicable in this regard. See Byrd, supra. It is therefore unnecessary to determine this issue.