The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions:
 1. It is my understanding that the above referenced opinions deal with `councilmen' holding a position such as `Building Inspector' during their term of office on the City Council. Would the same statute prohibit dual positions of `Mayor' and `City Police Officer,' i.e., `Captain' on a two-member police force? If not, why?
 2. Is the choice of which of the dual positions must be resigned left up to the dual officeholder?
The opinions referenced in your first question are Attorney General Opinions 91-287 and 91-302 which address, inter alia,
the appointment of a city council member to the position of building and plumbing inspector. It was concluded in Opinion91-302 that such an appointment would be contrary to A.C.A. §14-42-107(a)(2) (1987), which prohibits the appointment of an "alderman or council member" to any municipal office during the term for which he has been elected. Op. Att'y Gen. 91-302 at 3-4. Opinion 91-287 involved, in part, the question of whether a city council member may be employed as a building and plumbing inspector. It was concluded that § 14-42-107(a)(2) would prevent a city council member's appointment to the building and plumbing inspector position if that position was created as an office. Op. Att'y Gen. 91-287 at 3-4. The common law "incompatibility of offices" doctrine was also cited as a prohibition against the dual service in that instance.
You have asked in your first question whether the statute addressed in these prior opinions (A.C.A. § 14-42-107) would also prohibit the dual positions of mayor and city police officer, i.e., "Captain."[1] It is my opinion that § 14-42-107(a)(2) prohibits a mayor's appointment to the position of police Captain. It was concluded in Attorney General Opinion 91-415
(copy enclosed) that a sitting council member is prohibited under § 14-42-107(a)(2) from accepting a position as a police officer.See Op. Att'y Gen. 91-415 at 2. This conclusion followed this office's previous determination that the position of city police officer is an "office." Id., citing Op. Att'y Gen. 91-314. With regard, specifically, to the position of mayor, it was concluded in Attorney General Opinion 88-083 (copy enclosed) that the prohibition under § 14-42-107(a)(2) extends to a mayor.
A challenge to the dual positions of mayor and city police officer could, in my opinion, also be premised upon the common law doctrine of "incompatibility of offices." See Byrd v.State, 240 Ark. 743, 402 S.W.2d 121 (1966); Tappan v. HelenaFederal Savings Loan Association, 193 Ark. 1023,104 S.W.2d 458 (1937). See also Op. Att'y Gen. 91-415 at 2-3. The fact that a city council has the authority to organize a city police department under the general superintendence of the mayor (A.C.A. § 14-52-101 (1987)) reflects the inherent conflict in a mayor's service as a police officer. With regard to the chief of police in a city of the first class, the mayor's power to suspend or recommend the removal of the police chief clearly evidences the incompatibility of these positions. See A.C.A. §§14-43-504(e)(3) (Cum. Supp. 1991) and 14-43-505 (1987). The mayor's role as presiding judge of the city court in a city of the second class also reveals the likely basis for a conflict if the mayor also served as a police officer. See A.C.A. §14-44-108 (1987). And as noted in Opinion 91-415 at 2-3, the supervisory authority of the council, even in those cities that have established a civil service system, compels the conclusion that the offices of city council member and city police officer are incompatible.
With regard to your second question, it seems clear that in the event of a challenge, the dual officeholder will not have the option of choosing which position to resign. This will be decided as a matter of statute;[2] or, if the offices are deemed incompatible, the officeholder will retain the last office accepted. See Byrd v. State, 240 Ark. at 746.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] I assume that the position of "Captain" is the equivalent of Chief of Police. This designation is, however, not determinative of your question. See discussion, infra.
[2] An alderman or a council member is ineligible, under A.C.A. § 14-42-107(a)(2), to be appointed to any municipal office during the time for which he was elected. Any such appointment that is attempted will therefore be invalid.