The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on whether it is a conflict of interest for an attorney to serve as a city council member and also represent clients in his capacity as private counsel in municipal court. Your question is asked in reference to the City of Fayetteville which, as you note, has recently converted from the city manager to the mayor/council form of government. You note that both the salary and the office budget of the municipal judge and that of the city attorney must be approved by the city council. Your specific questions are set out as follows:
 1. In a mayor/council or alderman form of government, may an alderman represent parties in the city municipal court?
 2. If so, should such aldermen abstain from all city issues, including budgets, pertaining to the municipal court or city prosecutor?
It is my opinion, with regard to your first question, that unless the attorney's service in municipal court has some appearance of impropriety, such service generally represents no conflict of interest.
As a general matter, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). I find no constitutional or statutory provision[1] that would generally operate to preclude an alderman from also privately representing clients in municipal court.
Under the common law doctrine of "incompatibility of offices," an incompatibility is considered to exist "where there is a conflict of interests, which includes inter alia, where one office is subordinate to the other." Byrd, supra at. 745. See alsoTappan v. Helena Federal Savings Loan Association,193 Ark. 1023, 104 S.W.2d 458 (1937). It is my opinion, however, that this doctrine is not implicated where, as here, a private attorney who also happens to be an alderman, does not constitute an "officer" such that "dual offices" would be at issue.
Even if the attorney were considered an "officer," however, this office has previously opined that service by an attorney as a public defender and as a member of a city council did not, as a general matter, rise to the level of a conflict of interest.See Op. Att'y Gen. 89-266. It was noted in that opinion, however, that "a conflict would in all likelihood arise if the councilman acted as counsel on behalf of the city in bringing charges against an indigent defendant. The conflict created through an attorney's representation of two groups with conflicting interests (City of Little Rock v. Cash,277 Ark. 494, 644 S.W.2d 229 (1983)) would probably apply in that instance." Op. Att'y Gen. 89-266 at 2.
Accordingly, none of the three categories of unlawful conflicts of interest would, in my opinion, appear to generally prohibit a private attorney who is also an alderman from representing clients in municipal court.
Reference should be made as well to both the Model Rules of Professional Conduct and any relevant city ordinances on the topic. Such provisions can be applied only on a case-by-case basis and must be considered with a view to all the surrounding factual circumstances.
With regard to your second question, it is my opinion that the issue of whether an alderman should abstain from a particular vote will depend upon individual factual circumstances which require consideration as they arise in order to determine if an impermissible conflict of interest exists.
It has been stated that an officer would be disqualified from participating in a decision when he has a personal interest which might interfere with the unbiased discharge of his duty to the public. See Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719 (1940). The Van Hovenberg court stated that no member of a city council may vote on any question involving his own pecuniary interest, if that interest is immediate, particular, and distinct from the public interest. However, a member is not disqualified where his interest is only as a member of a class. Such a determination must be made on a case-by-case basis and will depend upon the specifics of the particular situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See, however, A.C.A. § 14-42-107 which prohibits a member of the city council from being interested, directly or indirectly, in the profits of any contract or job for work or services to be performed by the city.