The Honorable Gary D. Hunter State Senator Route 8, Box 108 Mountain Home, AR 72653
Dear Senator Hunter:
This is in response to your request for an opinion on the following questions:
 1. Is it contrary to Arkansas law for an elected office holder to serve on a political party's County Central Committee?
 2. Is it contrary to Arkansas law for a candidate for state, county or municipal elective office to also be a candidate or member of a political party's County Central Committee?
 3. Since membership on political parties' County Central Committees is decided in primary elections (by party voters) and election to public office is decided by the entire electorate, is a candidate's listing on the ballot in a primary election for both public office and County Central Committee membership simultaneously a violation of Arkansas law?
 4. Is it unlawful for an elected official to serve as an officer of a political party's County Central Committee?
It is my opinion that the answer to your first and fourth questions is "no." It is not unlawful for an elected official to serve as either a member or officer of the county committee of a political party. This question was addressed in Attorney General Opinion 92-238, attached hereto, wherein it was concluded that an elected official may serve either as a county party chairman or as secretary/treasurer of a party.
As also noted in that opinion, however, a county party chairman who also holds elective office would be ineligible to serve as a member of the county board of election commissioners. Op. Att'y Gen. 92-238 at 3, citing A.C.A. § 7-4-102(a)(2)(A). And in accordance with A.C.A. §7-4-102(a)(2)(B) (Supp. 1995):
 No elected official who serves as county party chairman shall participate as a party officer in providing for or conducting a party primary election in which his or her name appears on the ballot as a candidate for any office.
With regard to your second and third questions, my research has yielded no general prohibition against one's candidacy for elective office and party committee membership at the same election. But is must be recognized that county election commissioners cannot be candidates for any office to be filled at an election while they are serving on the county board. A.C.A. § 7-4-109(a)(2) (Repl. 1993) and Ark. Const. art. 3, § 10. Seealso A.C.A. § 7-4-102(a)(2)(B), quoted above, prohibiting an elected official/county party chairman from participating as a party officer when he or she is a candidate in a primary election.
The possibility of a conflict of interest should also be considered in this regard. As noted in Opinion 92-238, the Arkansas Supreme Court has recognized the existence of a common law conflict of interest when one who has some part in conducting an election becomes a candidate at that election. Op. Att'y Gen. 92-238 at 4 citing Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The applicability of this common law doctrine to party primary elections may be uncertain, however. Op. 92-238 at 4. Reference should also be made to any party rules on the subject. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh