The Honorable Jimmy Jeffress State Representative P.O. Box 1695 Crossett, AR 71635-1695
Dear Representative Jeffress:
This is in response to your request for an opinion on the following questions concerning the appointment of an alderman as acting mayor in a city of the first class pursuant to A.C.A. § 14-43-401 (Repl. 1998):[1]
 1. Since A.C.A. 14-43-401 allows the Council to appoint an alderman to serve as `acting Mayor' until that office is filled at a special election, is the alderman who is appointed acting Mayor still considered to be a member of the Council entitled to count as a member of the Council for purposes of declaring a quorum and otherwise perform the duties of an alderman in matters relating to the Council?
 2. Do the provisions of Article 19 Section 3 of the Arkansas Constitution, prohibiting dual office holdings in certain instances, prohibit the acting Mayor from performing the duties as Mayor and also as an alderman?
 3. Is the position of the alderman who was appointed "acting Mayor" considered to be vacant for purposes of A.C.A. 14-43-411?
 4. Since the acting Mayor will be elected to an alderman position in the November election, will the answers to any of the previous questions change as of January 1, 2001 when the new term of the alderman begins?
According to your correspondence, these questions are asked with regard to the City of Hamburg, Arkansas, where an alderman has been appointed, pursuant to § 14-43-401, to act as mayor until the vacancy in the mayor's office is filled at a special election scheduled for January 30, 2001.
RESPONSE
It is my opinion, in response to your first question, that the alderman who was appointed as acting mayor is still a member of the city council and entitled to perform the duties of an alderman in matters relating to the council. With regard to your second question, in my opinion there is no constitutional prohibition against the alderman's dual service as alderman and mayor under these circumstances. With regard to your third question, there is no vacancy in the alderman position as long as the alderman remains in office, i.e., he does not resign or abandon the office. With regard to your fourth question, it is my opinion that the answers to these questions will not change as of January 1, 2001.
Question 1 — Since A.C.A. 14-43-401 allows the Council to appoint analderman to serve as `acting Mayor' until that office is filled at aspecial election, is the alderman who is appointed acting Mayor stillconsidered to be a member of the Council entitled to count as a member ofthe Council for purposes of declaring a quorum and otherwise perform theduties of an alderman in matters relating to the Council?
The answer to this question is, in my opinion, "yes." A council member who is appointed to serve as "acting mayor" in accordance with A.C.A. §14-43-401 will, I believe, retain his or her position as alderman following that appointment. There is no indication under § 14-43-401 that a council member automatically forfeits his position as alderman following his appointment as "acting mayor." Nor am I aware of any general rule or principle to that effect. To conclude otherwise would be to suggest that a vacancy automatically arises if and when a council member is appointed as acting mayor pursuant to this Code section. There is nothing, however, in the language of § 14-43-401 to support that proposition. It is well established, moreover, as a general rule, that a "vacancy" exists whenever an office is empty or unfilled. But as long as there is an incumbent, i.e., one who is legally authorized to discharge the duties of the office, an office is not to be deemed vacant. Seegenerally Justice v. Campbell, 241 Ark. 802, 410 A.W.2d 601 (1967).
It is therefore my opinion that the alderman will continue to serve on the city council, with all attendant rights and duties, following his appointment under § 14-43-401 to serve as acting mayor.
Question 2 — Do the provisions of Article 19 Section 3 of the ArkansasConstitution, prohibiting dual office holdings in certain instances,prohibit the acting Mayor from performing the duties as Mayor and also asan alderman?
I assume that you intend to cite Article 19, Section 6, the dual office prohibition, as Article 19, Section 3 establishes the requirement that only qualified electors may be elected or appointed to fill vacancies. Article 19, Section 6 prohibits the holding of more than one office in the same department of government. Because the mayor is an executive officer (see A.C.A. § 14-43-504), and an alderman serves in the legislative department (see A.C.A. 14-43-502), it must be concluded that Ark. Const. art. 19, § 6 is inapplicable in this instance. Additionally, this provision is generally held applicable only to state offices. See
Op. Att'y Gen. 95-178. Similarly, with regard to a possible constitutional challenge under the so-called "separation of powers" doctrine (Ark. Const. art. 4, § 2), this doctrine has been held applicable only to state offices. Id.
It is therefore my opinion that there is no constitutional prohibition against an alderman's service as acting mayor pursuant to A.C.A. §14-43-401. As a final note in this regard, I have considered the argument that this dual service is prohibited under the common law "incompatibility of offices" doctrine. See generally Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). The General Assembly has adopted English common law as the law of Arkansas, unless altered or repealed bystatute. A.C.A. § 1-2-119; Nelson v. State, 318 Ark. 146, 883 S.W.2d 839
(1994). While it is my opinion that the "incompatibility of offices" doctrine would generally prevent one person's dual service as alderman and mayor in the same city (see Op. Att'y Gen. 88-083),[2] I believe it is clear that A.C.A. § 14-43-401 alters the common law by authorizing the appointment of a council member to serve as acting mayor in the event of a vacancy in the mayor's office.
Question 3 — Is the position of the alderman who was appointed "actingMayor" considered to be vacant for purposes of A.C.A. 14-43-411?
It is my opinion that the answer to this question is "no." See response to Question 1 above.
Question 4 — Since the acting Mayor will be elected to an aldermanposition in the November election, will the answers to any of the previousquestions change as of January 1, 2001 when the new term of the aldermanbegins?
It is my opinion that the answer to this question is "no." This pertains, I assume, to the alderman's re-election at the November election. His re-election does not, in my opinion, affect the answers to any of the above questions. He will continue as a member of the city council with all attendant rights and responsibilities. Section14-43-401(b)(2) authorizes the city council to appoint a qualified elector or council member "to serve as acting mayor until the office is filled at the special election." You have stated that the special election is scheduled for January 30, 2001. Thus, according to the plain language of § 14-43-401, the appointee (alderman in this instance) will serve until the special election. It is my opinion that his appointment to serve as acting mayor is not affected by his re-election in November to the alderman position.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Subsection (b) of § 14-43-401 states as follows:
 (b)(1) In case of [the mayor's] death, disability, resignation, or other vacation of his office, the council, by vote of a majority of all its members, may appoint some other person to act until the expiration of his term or disability if the unexpired term of his office is less than six (6) months. Otherwise, an election shall be ordered in accordance with the laws of the state. A removal from the city shall be deemed a vacation of his office.
 (2) In all cases where the unexpired term has more than six (6) months to run and a special election has been called to fill the vacancy in the office of mayor, the city governing body is authorized to appoint any qualified elector of the city, including any member of the council, to serve as acting mayor until the office is filled at the special election. A member of the council shall not vote on his own appointment.
[2] An alderman's appointment as mayor would also generally be prohibited by A.C.A. § 14-42-107(a) (2), which states that "[n]o alderman . . . shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected."