The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have requested an Attorney General opinion concerning dual office holding.
You describe a situation in which a county judge has been asked to serve on the board of directors of a regional (six-county) irrigation district. The board consists of three directors from each county that is a part of the district.
You have asked:
 Can a county judge legally serve as a director of a regional (six-county) irrigation district?
RESPONSE
Summary of Opinion
It is my opinion that the answer to this question will depend largely upon the legal authority under which the irrigation district was formed. If the irrigation district was formed under the authority of A.C.A. §14-116-101 et seq. (the Regional Water Distribution Act), it is my opinion that this dual service is not, as a general matter, prohibited by any of the principles that govern dual office holding. However, if the district was formed under some other legal authority with which I am unfamiliar, it would be necessary for me to review the provisions of that legal authority to determine whether either specific provisions of that authority, or the structure of the district would implicate the legal principles that prohibit dual office-holding. In any event, even if the dual service is not prohibited by those principles, such service could give rise to isolated instances in which the common law principle of conflict of interest would be implicated. In such instances, the county judge in question should abstain from participating in any decision-making or other acts that would impair his ability to act in the best interest of both the county and the irrigation district.
DISCUSSION
As an initial matter, I note that you have not indicated the statutory authority under which the irrigation district in question was formed. I find it likely that the district was formed under the authority of the Regional Water Distribution Act (A.C.A. § 14-116-101 et seq.), because that act provides for multi-county improvement districts in which each county is represented by three directors who serve on the board. This is the board structure that you have described for the irrigation district in question. The improvement districts that are authorized under other statutory schemes do not have this structure. See, e.g., A.C.A. §14-117-101 et seq. (the Arkansas Irrigation, Drainage, and Watershed Improvement District Act of 1949).
If, in fact, the irrigation district that you have described was formed under the authority of the Regional Water Distribution Act, the county judge's service on the board of directors for that district would not, in my opinion, implicate any of the legal principles that prohibit dual office-holding. The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). In my opinion, none of these legal prohibitions would operate to prohibit a county judge's service on the board of an irrigation district formed under the authority of the Regional Water Distribution Act.
Nevertheless, I must note that even if the county judge's service on the board is not prohibited by the dual office-holding principles, his service on the board could give rise to isolated situations in which he would have a common law conflict of interest. Such instances would arise when the particular facts of a situation would divide the judge's allegiance between the county and the irrigation district. In such instances, the judge should abstain from participating in any decision-making or other acts of the board that would require him to act in the interest of one at the expense of the interest of the other.[1]
The common law prohibition against conflicts of interest is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman,201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United States Associates,40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri PacificR.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d, Public Officers and Employees § 321.
The above-quoted policy statement concerning conflicts of interest makes clear that in situations where a common law conflict of interest is present, it may be appropriate for the affected public servant to abstain from participating in any decision-making procedure that would impact upon his or her conflicting interests, so as to avoid the temptation of placing a conflicting interest above the interest of those he was chosen to represent. This policy statement appears to indicate that the wrong to be avoided is the placing of a conflicting interest above public duty. I note that whether a wrong of this nature has occurred is entirely a question of fact and can only be established by the presentation of factual evidence showing both the motivation and the effect of the public servant's act.
Thus, although the county judge's service on the board will not, as a general matter, divide his allegiance between the county and the district, he should abstain from participating in any decision-making related to any matter in which his allegiance would be so divided.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The common law doctrine of incompatibility, which would prohibit the dual service altogether, arises out of a similar concern. It would prohibit the dual service if, as a general matter, the duties of one of the offices would conflict with the duties of the other. In my opinion, the doctrine of incompatibility does not apply in the situation involving the service of a county judge on the board of an irrigation district, because in most instances, the interest of the county will be compatible with the interest of the district.