The Honorable Bill Abernathy State Representative 1309 Texas Street Mena, AR 71953-7818
Dear Representative Abernathy:
I am writing in response to your request for an opinion concerning a proposed salary arrangement between the Montgomery County Regional Public Water Authority and Mt. Ida's mayor. Given that the water authority cannot compensate the mayor for serving as a board member, [1] you ask: "Would it be permissible for [the] Regional Water Association to employ the . . . [mayor] as the manager of the association and compensate her in that capacity and not compensate her as a board member?"
RESPONSE
I cannot conclusively answer this question because I lack sufficient facts to determine whether a conflict exists (or could arise) in the situation you posit. To conclusively respond to your question, an appropriate fact finder would have to find the applicable facts, and apply the law to those facts. While I am not equipped or authorized to find those facts, I can explain some of the relevant law. As explained more fully below, a conflict likely exists between dual service as the water authority's board member and manager, in my opinion. But it is less clear whether the sitting mayor is prohibited from simultaneously serving as the paid *Page 2 
manager of a public water authority that sells water to the same city the mayor serves.[2]
Your question seems to indicate that the mayor would serve simultaneously in three positions: mayor, paid manager, and board member. If that is the situation you are describing, I believe a conflict probably exists under the common-law incompatibility doctrine between the dual positions of manager and board member. Under the common law, no person may hold two or more "incompatible" offices.E.g., Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). Two positions are "incompatible" if "there is a conflict of interest" between the two positions. Id. at 745. One such conflict exists when one of the positions is subordinate to the other. Thompson v. Roberts,333 Ark. 544,970 S.W.2d 239 (1998). While you have not given a job description of the "manager," I presume the position of "manager" is subordinate to the position of board member.[3] Accordingly, while I lack the full facts or the manager's job description, holding both the manager and director positions simultaneously probably violates the common-law incompatibility doctrine, in my opinion.
If, however, you are asking about a situation in which the mayor would resign as a board member[4] to serve simultaneously as only the mayor and water authority manager, the conflict analysis is somewhat different. Conflicts of interest that would preclude dual service can arise under the constitution, statutes, or the common-law doctrine of incompatibility. E.g., Op. Att'y Gen. 2008-143. I have not located any constitutional prohibitions on the same person simultaneously serving as mayor and as either a paid manager or director of a public water authority. *Page 3 
In contrast, some statutes may prohibit the situation you posit. I cannot, however, definitively conclude that any of these statutes prohibit the mayor from simultaneously serving as a paid manager because conflicts of interest are heavily fact dependant and must be analyzed on a case-by-case basis. Op. Att'y Gen. 95-416. I lack sufficient facts or even a job description for the manager. With that cautionary note in mind, there are at least three statutes that may prohibit the situation you describe. First, A.C.A. § 14-42-107(b)(1) (Supp. 2007) may apply:
 (b)(1) No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
Because the mayor is an "official" of a municipal corporation, whether this statute prohibits the mayor's service on the water authority as a paid manager depends on two elements. First, the service would have to render the mayor "interested, directly or indirectly, in the profits of any contract." Second, assuming the first element is met, the dual service is prohibited unless the city has enacted the permitting ordinance described in the statute.
If the mayor simultaneously serves in a paid position on the water authority, a fact finder would probably hold that the first element is met, in my opinion. If the mayor is drawing a salary from the water authority, that salary is presumably paid from moneys generated by the water authority's contracts with municipalities. If one of those municipal contracts is with the City of Mt. Ida, the mayor is atleast indirectly "interested" "in the profits of" the contract with the city. If these assumptions are correct, then the first element of the conflict is likely met, in my opinion. If the first element is met, the statute precludes the arrangement you posit unless element two is met: the city enacts a permitting ordinance. You have not indicated whether such an ordinance has been enacted. Therefore, I cannot conclusively determine whether A.C.A. § 14-42-107 prohibits the situation you posit.
Another statute that may prohibit the mayor from simultaneously being a paid manager for the water authority is A.C.A. § 21-8-304(b) (Supp. 2007). This *Page 4 
subsection states:
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.
This statute prohibits public officials (which includes the mayor)[5]
from "accept[ing] employment . . . while serving as a public official" which the official "might reasonably expect would require or induce" the official to disclose confidential information. This statute is replete with fact-based phrases: "might reasonably expect"; "induce"; and "confidential information." If the facts surrounding simultaneously serving as the mayor and paid manager violate this statute, the mayor cannot accept the employment (i.e., a paid position). Because the situation you posit entails employment (as the manager is paid), your question implicates this statute. Thus, whether this statute prohibits the mayor from accepting the paid position as manager depends on facts that I am not equipped or authorized to find. Therefore, I cannot conclusively determine whether this statute prohibits the arrangement you posit.
Finally, some local ordinances may raise various obstacles relevant to your question. For example, some local ordinances might prohibit outside employment while serving as mayor. Local ordinances would need to be consulted to complete the analysis of whether any legislative action prohibits the situation you posit.
The third category of conflict that might prohibit this simultaneous service is the common-law doctrine of incompatibility, which was briefly explained above. As explained, the touchstone when analyzing a common-law incompatibility issue is whether one position is subordinate to the other. While I have not been provided with the job description of the manager, given that the manager is employed by an entirely separate public corporation than the mayor, neither position appears subordinate to the other. Thus, in my opinion, the common-law doctrine of incompatibility in all likelihood would not prohibit the mayor's simultaneous service as manager of the water authority. *Page 5 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] For more explanation of this point, please see Opinion No. 2008-185.
[2] You have not indicated whether the Montgomery County Regional Public Water Authority sells water directly to Mt. Ida. For purposes of this opinion, however, I assume that is the case.
[3] The common-law incompatibility test only applies to two or more public positions. Here, the water authority is a public entity and is therefore subject to the common-law incompatibility test. A.C.A. § 4-35-203(a)(1) (Supp. 2007) ("[T]he water authority . . . shall constitute a public body politic and governmental entity of the State of Arkansas. . . .").
[4] The by-laws would presumably have to be altered, which may require the approval of the Arkansas Natural Resources Commission. A.C.A. § 4-35-208(c)(2) (Supp. 2007).
[5] See Op. Att'y Gen. 2007-290. *Page 1