The Honorable Tom Tatum, II, Prosecuting Attorney Fifteenth Judicial District P.O. Box 1599 Danville, AR 72833
Dear Mr. Tatum:
You have requested an Attorney General opinion concerning dual office holding.
More specifically, you have asked:
 Is there any legal conflict which would prevent an elected justice of the peace who is serving on the Yell County Quorum Court from serving simultaneously on the Board of Directors of Northeast Yell County Water Association, a public facilities board, which position is not compensated?
RESPONSE
It is my opinion, as discussed more fully below, that depending upon certain facts, dual service of this nature could be prohibited by the common law "doctrine of incompatibility."
This question is governed by the legal principles that have developed in relation to the issue of dual office holding. The Arkansas Supreme Court has indicated that there are three possible types of legal prohibitions to the concurrent holding of two offices: Constitutional prohibitions, statutory prohibitions, and common law prohibitions (i.e., the common law "doctrine of incompatibility"). Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966).
It is my opinion that there are no constitutional or statutory prohibitions to serving both as a quorum court member and as a member of the public facilities board.[1] However, this dual service could, in my opinion, trigger the prohibitions of the doctrine of incompatibility. Whether it does, however, will depend upon the provisions of the ordinance that created the public facilities board, as well as upon the quorum court's exercise of other powers. Before discussing those contingencies, I will review the parameters of the doctrine of incompatibility.
Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappanv. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458
(1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239
(1998).
The question of whether the position of public facilities board member is incompatible with the position of quorum court member, under the principles set forth in the preceding paragraph, will depend largely upon the provisions of the ordinance that created the public facilities board in question. Under A.C.A. § 14-137-107, the ordinance creating a public facilities board:
(2)(A) Shall specify the powers granted to the board; and
 (B) May place specific limitations on the exercise of the powers granted, including limitations on the board's area of operations, the use of public facilities projects of the board, and the board's authority to issue bonds.
A.C.A. § 14-137-107(2). For a discussion of the limitations that may be placed by the quorum court on a public facilities board, see Op. Att'y Gen. No. 99-227.
If, in the ordinance creating the public facilities board, the quorum court has retained on-going control over the board, there will be an incompatibility between the two offices, under the parameters described in Tappan, supra.
The quorum court may also exercise control over the board in certain others ways that would make the two offices incompatible.[2] For example, the county may grant or withhold approval of a transfer of facilities for a board project, pursuant to A.C.A. § 14-137-112, or it could conceivably grant or withhold approval of an interlocal agreement affecting the public facilities board, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq. In addition, I note that an argument could be made that counties have the inherent authority to abolish a previously-created public facilities board. See Op. Att'y Gen. No. 97-019.[3]
The foregoing discussion points out potential ways in which the quorum court could exercise control over the public facilities board, not the least of which is the quorum court's retention of on-going control by the terms of the ordinance creating the board. If, under the circumstances you have described, the quorum court has retained, or does exercise such control over the board, it is my opinion that service on both the quorum court and the public facilities board would be prohibited by the doctrine of incompatibility. Whether the quorum court has retained or does exercise such control is, of course, a question of fact that I am not in a position to determine.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I note that quorum court members are prohibited from receiving compensation from other county positions. A.C.A. § 14-14-1205(c). However, they are not statutorily prohibited from serving in other county positions.
[2] Because Yell County has a population of less than 150,000, it is subject to the requirements of A.C.A. § 14-137-108(a) (which do not require quorum court confirmation of appointments to the board), rather than the requirements of A.C.A. § 14-137-108(b) (which do require quorum court confirmation of appointments to the board).
[3] I note, however, as did Opinion No. 97-019, that under A.C.A. §14-137-104, "none of the powers granted to a board of public facilities shall be subject to the supervision or regulation or regulation or require the approval or consent of the state, or of any municipality, county, or political subdivision of the state, or of any commission, board, body, bureau, official, or agency of the state or any municipality, county, or political subdivision."