The Honorable Steven B. Jones State Representative P.O. Box 3040 West Memphis, AR 72303-3040
Dear Representative Jones:
You have presented the following questions for my opinion:
(1) Can a driver for a city fire department run for city council?
 (2) If elected, can that individual serve on the city's fire commission?
RESPONSE
Question 1 — Can a driver for a city fire department run for citycouncil?
The answer to this question will depend upon various factual matters. Among these are: (1) whether the fire department is a "volunteer fire department;" and (2) the nature of the position with the fire department of the driver in question.
These issues are significant because if the department is a "volunteer fire department" and the driver is a "volunteer firefighter," the individual may fall within the provisions of A.C.A. § 14-42-115, which specifically authorizes "volunteer fire fighters" to run for city council. That statute states in pertinent part:
 (a)(1) It is lawful for a volunteer firefighter or a volunteer police officer in any city of the first class, city of the second class, or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
A.C.A. § 14-42-115.
In order for the above quoted provision to be applicable, the department in question must be a volunteer fire department. One of my predecessors outlined the various sources of statutory authority for the formation of "volunteer fire departments," as follows:
 Under Arkansas law, what is referred to as a "volunteer fire department" may take one of any number of legal forms. Such departments may be incorporated as purely private nonprofit corporations collecting dues or membership fees; as fire protection districts under A.C.A. § 14-284-101 et seq. or 14-284-201 et seq., or suburban fire improvement districts under A.C.A. § 14-92-201 et seq., all of which assess local benefits to be collected with ad valorem taxes; as a county "volunteer fire department" under A.C.A. § 14-20-108(c) or as a county created subordinate service district under A.C.A. §§ 14-14-708 and -709 (1987). In addition, although the statutes authorizing the creation of municipal fire departments do not refer to such departments as "volunteer" departments (see A.C.A. 14-53-101), some municipalities routinely characterize their departments as such.
Op. Att'y Gen. No. 96-114, n. 2.
I have recently addressed the issue of what constitute a "volunteer firefighter," within the meaning of A.C.A. § 14-42-115. In Opinion No.2004-069, I stated:
 As discussed in [Opinions Nos. 2001-296, 96-025, and 95-178], the language of the emergency clause of Act 124 of 1981 (the Act from which A.C.A. § 14-42-115 was encoded), indicates that the Act was intended to apply to volunteer firefighters who receive a "small amount of pay" only when called upon to "render fire service duties." Acts 1981, No. 124, Emergency Clause.
Op. Att'y Gen. No. 2004-069.
A question may arise as to what constitute "a small amount of pay." Neither the statute nor the Act's emergency clauses explicitly addresses this question. One of my predecessors interpreted the language of the emergency clause to indicate an intent that the statute apply to firefighters who are paid only when they render fire service duties, and not to members of the department who receive a regular salary. See Ops. Att'y Gen. Nos. 96-025; 95-178. Thus, the statute was interpreted not to apply to a lieutenant who worked on a part-time basis and received an annual salary in excess of $10,000, or to a fire chief who was paid to render on-going supervisory duties. Id. I find that this interpretation is a reasonable reading of the language of the emergency clause.
Thus, assuming that the department in question is a "volunteer fire department," and assuming that the driver in question receives a small amount of per-duty pay in exchange for rendering "fire service duties," rather than receiving a regular salary in exchange for rendering on-going duties, it is my opinion that he is a "volunteer firefighter," within the meaning of A.C.A. § 14-42-115 and is authorized to run for city council.
If, on the other hand, the department is not a volunteer fire department or the driver is not a volunteer firefighter, and is an employee of the city, it is my opinion that his service on the city council would be prohibited by the principle of "incompatibility," which is one of the principles that govern dual office holding. Under the principle of "incompatibility," one person may not hold two positions that are "incompatible." The Arkansas Supreme Court has stated that two positions are "incompatible" if "there is a conflict of interests." Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966). Byrd, 240 Ark. at 745. A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend,72 Ark. 180 (1904), and as situations in which "one [position] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn.,193 Ark. 1023, 103 S.W.2d 458
(1937).
In my opinion, the positions of city council member and city fire department employee are incompatible, because the position of city council member exercises some authority over the fire department employee. This authority arises out of A.C.A. § 14-53-101, which grants city councils the power and duty to establish fire departments, to provide them with equipment, and to promulgate rules and regulations to govern them. This statutorily-granted authority gives the city council a substantial measure of power over the fire department, and this power inherently and directly impacts the employees of the fire department. For this reason, I conclude that the two positions are incompatible and therefore should not be held by one person. Again, this conclusion does not apply if the department is volunteer fire department and the driver in question is a "volunteer firefighter," as discussed above.[1] The provisions of A.C.A. § 14-42-115 will supersede any common law prohibition in cases that are governed by the statute.
To summarize, it is my opinion that the dual service is permissible if the fire department is a volunteer fire department and the driver in question is a volunteer firefighter. It is my opinion further that if the department is not a volunteer fire department and the driver in question is a city employee, the dual service is prohibited by the doctrine of incompatibility.
Question 2 — If elected, can that individual serve on the city'sfire commission?
It is not clear whether the "fire commission" to which your question refers is a civil service commission for the fire department, created under the authority of A.C.A. § 14-51-101, or is simply a sub-committee of the city council, made up of city council members, exercising oversight authority over the fire department.
If the "fire commission" to which you refer is in fact simply a sub-committee of city council members exercising oversight authority over the fire department, it is my opinion that the answer to you question will be the same as the answer to Question 1, above. That is, the answer will depend upon: (1) whether the fire department is a "volunteer fire department;" and (2) the nature of the position with the fire department of the driver in question. Again, if the fire department is a "volunteer fire department" and the driver in question is a "volunteer firefighter" (as explained above in response to Question 1), it is my opinion that his dual service in the fire department and on the committee of the city council overseeing the fire department is permissible under the authority of A.C.A. § 14-42-115. However, if the department is not a volunteer fire department and the driver in question is a city employee, it is my opinion that the dual service is prohibited by the doctrine of incompatibility.
If, on the other hand, the "fire commission" to which your question refers is a civil service commission for the fire department, created under the authority of A.C.A. § 14-51-101, it is my opinion that the dual service on the city council and on the civil service commission for the fire department is prohibited by A.C.A. § 14-51-202(b), which states:
 (b)(1) No person on the commission shall hold, or be a candidate for, any political office under any national, state, county, or municipal government or be connected in any way in any official capacity with any political party or political organization.
 (2) No person as enumerated in this subsection shall be eligible as a member of the board who at the time of his election shall hold any office.
A.C.A. § 14-51-202(b).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Because you have made reference to a city "fire commission," I am assuming that the fire department in question is not a private entity. I note, however, that if the fire department is a private entity and the driver in question is not a city employee, the question will be impacted by the provisions of A.C.A. § 14-42-107, which governs the issue of city council members having an interest in the profits of contracts between the city and private entities.