The Honorable Jeremy Hutchinson State Representative 718 Parliament Street Little Rock, AR 72211-2046
Dear Representative Hutchinson:
I am writing in response to your request for my opinion on the following question:
 Under the common law incompatibility doctrine, is there a likely prohibition of dual office holding by members of the planning commission of a city and local school board directors?
RESPONSE
In my opinion, the answer to this question is "no," although a planning commission member should recuse from voting on matters that involve the school district he serves.
As I noted in Ark. Op. Att'y Gen. No. 2004-011:
 As a general proposition, it is impermissible for any person to hold two offices that are "incompatible" — i.e., offices in which "there is a conflict of interests," as "where one office is subordinate to the other," Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966), where "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel. Murphy v. Townsend, 72 Ark. 180 (1904), or where "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other," Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
I do not believe that simultaneous service as a city planning commissioner and school board member would raise concerns of the sort catalogued in this excerpt. Planning commissioners and school board members have no power of appointment or removal over each other, see A.C.A. § 14-56-406 (Repl. 1998) (providing that appointment of planning commissioners will be as dictated by city ordinance) and A.C.A. §6-13-608 (Repl. 1999) (providing that school board members will be elected to office). Moreover, with the exception of instances in which the planning commission acts on matters directly involving the school district, the discharge of duties relating to one office does not implicate duties relating to the other office. In my opinion, then, the incompatibility doctrine would not foreclose an individual from serving both as a planning commissioner and as a school board member.[1]
However, I will note that the appropriate course for a planning commissioner who also serves as school board member would be to recuse from voting on planning commission decisions relating to the school district — a course I gather from your factual recitation two members of the planning commission have in the past followed.
In his recital of the facts, the alderman who asked you to submit your request complained that scheduling conflicts have on occasion led several planning commissioners to miss commission meetings in order to attend school board meetings. Although I appreciate that such conflicts can be a source of inconvenience and aggravation, I do no believe the possibility of their occurrence amounts to common law incompatibility that would disqualify the individuals at issue from dual service.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] Subsection 14-56-404(a) of the Code (Repl. 1998) provides that at least 2/3 of the members of a planning commission "shall not hold any other municipal office or appointment except membership in the board of adjustment or a joint planning agency." In my opinion, this statute does not bear on your question because school board membership does not qualify as a "municipal office or appointment."