The Honorable Jay Bradford State Representative Post Office Box 8367 Pine Bluff, AR 71611
Dear Representative Bradford:
I am writing in response to your request for an opinion on the following matter:
 The City of Pine Bluff has a paid position of neighborhood watch coordinator. Would A.C.A. 14-42-107(b)(1) allow this coordinator to run for and hold the office of alderman and retain her position as a paid coordinator if the city council voted to allow her to do so?
RESPONSE
In my opinion, the coordinator about whom you have asked could run for the office of alderman; but the concurrent holding of both positions would run afoul of A.C.A. § 14-42-107(b)(1) as interpreted in Thompsonv. Roberts, 333 Ark. 544, 970 S.W.2d 239(1998). The city council might cure the violation of A.C.A. § 14-42-107(b)(1), by passing an ordinance authorizing the dual service.
Your request for an opinion raises a dual-office holding question. The Arkansas Supreme Court has identified three types of legal prohibitions to the concurrent holding of two public offices: constitutional prohibitions, statutory prohibitions, and common law proscriptions on dual service. See, e.g. Byrd v. State, 240 Ark. 743, 744-45, 402 S.W.2d 121
(1966). There is no constitutional prohibition applicable to the situation you have described. You have identified the possible source of a statutory prohibition in A.C.A. § 14-42-107(b)(1) (Supp. 2003).
Arkansas Code Annotated § 14-42-107(b)(1) provides that:
 No alderman, council member, official, or municipal employee shall be interested, directly or indirectly, in the profits of any contract for furnishing supplies, equipment, or services to the municipality unless the governing body of the city has enacted an ordinance specifically permitting aldermen, council members, officials, or municipal employees to conduct business with the city and prescribing the extent of this authority.
A.C.A. § 14-42-107(b)(1). In Thompson v. Roberts, 333 Ark. 544,970 S.W.2d 239 (1998), the Arkansas Supreme Court analyzed this statute when addressing whether a mayor could simultaneously serve as a paid bookkeeper for the city. The court offered the following analysis in holding that the arrangement violated A.C.A. § 14-42-107(b)(1):
 [U]nder the plain language of the statute, a position as a city's bookkeeper may be seen as a contract for services. Such an interest is prohibited by section 14-42-107(b)(1) absent an authorizing ordinance.
333 Ark. at 550.
With regard to a possible common law prohibition, I have described the common law doctrine of incompatibility as follows:
 As a general proposition, it is impermissible for any person to hold two offices that are "incompatible" — i.e., offices in which "there is a conflict of interests," as "where one office is subordinate to the other," Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966), where "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel. Murphy v. Townsend, 72 Ark. 180 (1904), or where "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other," Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-011. Absent additional information regarding the nature and duties of a "paid neighborhood watch coordinator," I cannot determine whether such a position would be incompatible with the position of alderman under the common law.
In my opinion, however, a paid position as you have described in your request for an opinion would be analogous to the position of bookkeeper in Thompson, supra. Fulfilling the duties, whatever those may be, of a "paid neighborhood watch coordinator" would likely be seen as a contract for services with the city. This would be prohibited by statute under A.C.A. § 14-42-107(b)(1), see Thompson, supra, unless the city council has authorized the dual service by ordinance. In my opinion, that statute allows a local ordinance to authorize service that might otherwise be prohibited by the common law doctrine of incompatibility.
I will note additionally that even assuming lawful service of the individual in question in both positions pursuant to an ordinance, the individual in question should avoid acting on matters that would directly interest his or her position as a "paid neighborhood watch coordinator," such as determining the salary thereof.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh