The Honorable Shirley Borhauer State Representative 23 Kenilworth Drive Bella Vista, AR 72714
Dear Representative Borhauer:
I am writing in response to your request for an opinion on behalf of a constituent on the following matter:
 Can a local Chief of Police hold that position and be on the City Council at the same time?
RESPONSE
No. In my opinion, such dual service would run afoul of the common law doctrine of incompatibility.
Your question raises issues of dual service. Prohibitions on dual service may be of constitutional, statutory or common law basis.Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966).
In my opinion, there is no constitutional prohibition to the proposed dual service.
Arkansas Code Annotated § 14-42-107 does not apply to the situation you have described. Section 14-42-107 prevents a sitting council member from being appointed to another municipal office during the period for which the council member has been elected. See, e.g. Op. Att'y Gen. 2005-013. While one of my predecessors has opined that this section is sufficient to prevent a sitting council member form being employed as a police officer for a municipality, Op. Att'y Gen. 91-415, the situation you have described involves an individual who is first the chief of police who intends to run for a seat on the city council. My research has not revealed any applicable statutes governing the dual service of a chief of police who is subsequently elected to the city council.
In my opinion, however, the dual serviced proposed in your request for an opinion would run afoul of the common law doctrine of incompatibility. I have described the common law doctrine of incompatibility as follows:
 Under this doctrine, it is impermissible for any person to hold two offices that are "incompatible." See Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998). The Arkansas Supreme Court has stated that two offices are "incompatible" if "there is a conflict of interests." Byrd v. State, 240 Ark. 743, 745, 402 S.W.2d 121 (1966). A conflict of interests exists in situations (among others) "where one office is subordinate to the other." Id. The Court has also described the incompatibility of two offices as situations in which "the discharge of the duties of the one conflict[s] with the duties of the other, to the detriment of the public good," State ex rel Murphy v. Townsend, 72 Ark. 180 (1904), and as situations in which "one [office] is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other." Tappan v. Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937). Accord, Thompson v. Roberts, 333 Ark. 544, 970 S.W.2d 239 (1998).
Op. Att'y Gen. 2004-106.
The doctrine of incompatibility applies when a single individual attempts to hold two "offices" simultaneously.[1] An "office" is characterized by factors such as the tenure and compensation being set by law, the requirement of an oath, a bond, and the exercise of some portion of the state's sovereign power. See Op. Att'y Gen. 2003-138. It is well settled that membership on the city council is an "office." See, e.g. Tappan v.Helena Fed. Savings Loan Assn., 193 Ark. 1023, 103 S.W.2d 458 (1937);see also Ops. Att'y Gen. 2005-013 and 98-035. One of my predecessors opined that a police officer held an "office" for the purposes of an incompatibility analysis. Ops. Att'y Gen. 91-314 and 91-415; see also
Op. Att'y Gen. 2000-040 (opining that a reserve police officer held an office for the purposes of an incompatibility analysis). I agree with the analysis of my predecessors that municipal police officers, through the exercise of a grant of the state's sovereign power in enforcing the laws, hold "offices" for the purpose of incompatibility analysis. It would be highly suspect to conclude that a police officer holds an "office" for the purposes of the doctrine of incompatibility but that the chief of police does not. For the same reasons that a police officer is considered to hold an "office," namely the exercise of the sovereign power of the state in enforcing the laws, I opine that a municipal chief of police is the holder of an "office" for the purposes of the doctrine of incompatibility. I am enclosing a copy of Ops. Att'y Gen. 91-314 and 98-305 addressing whether a police officer holds an "office" for an incompatibility analysis for your convenience.
As noted above, my predecessors have opined that it would be a violation of the doctrine of incompatibility for a member of the city council to also serve as a police officer. Ops. Att'y Gen. 91-415; 97-096; and
2000-040. Specifically, the incompatibility was described as follows:
 Although certain aspects of service on the police department in some cities . . . are governed by local civil service commissions, and are in general organized under the superintendence of the mayor (A.C.A. § 14-52-101), it is my opinion that supervisory authority exists on the part of the council even if it is indirect. Vacancies on the civil service commission are filled by the city council. A.C.A. § 14-51-211. The city council is responsible for passing on matters involving funding of the police department. A.C.A. § 14-43-502(b)(1). These factors alone, in my opinion, give rise to an incompatibility of offices[.]
Op. Att'y Gen. 91-415 (emphasis added). I concur in this analysis. At the very least, the city council is responsible for the budget of the police department and the salary of the chief of police. The two offices are incompatible in my opinion.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] It is not clear whether the common-law doctrine of incompatibility requires that both positions in question be "offices" under current Arkansas Supreme Court jurisprudence. See, e.g. Thompson v. Roberts,333 Ark. 544, 970 S.W.2d 239 (1998). A Chief of Police is clearly an officer, however, and there is therefore no need to analyze the question of whether the doctrine would apply if an "office" were not at stake.